**ORANSKY, SCARAGGI & BORG, P.C.**
Michael T. Scaraggi, Esq. (9463)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07007-0866
(973) 364-1200
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.U.O.E. LOCAL 68 PENSION FUND and EDWARD BOYLAN, a TRUSTEE and FIDUCIARY OF THE PENSION FUND ) ) ) ) *Plaintiffs*, ) ) v. ) ) ROSDEV HOSPITALITY SECAUCUS, L.P., ) a NEW JERSEY LIMITED PARTNERSHIP ) *Defendants*. ) ) | Civil Action No.: **COMPLAINT** |

### INTRODUCTION

1. This action arises pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. 1001-1461). Defendant was a participating employer in the I.U.O.E. LOCAL 68 Pension Fund ("Fund").

Plaintiffs allege that on December 31, 2016 Defendant withdrew from participation in the Fund which thereby caused the Fund to assess withdrawal liability against Defendant in the amount of $86,240. By letters dated February 8, 2017 and October 13, 2017, the Plaintiffs notified Defendant of the assessed withdrawal liability and provided Defendant with a payment schedule. Under the statutory provisions of ERISA, the entire amount of withdrawal liability becomes immediately due and payable if Defendant defaults on its payment of the withdrawal liability. As of the date of filing this Complaint, no payment has been received from the Defendant.

2. Plaintiffs seek a money judgment against the Defendant for an award of the entire assessed withdrawal liability plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendant to provide adequate information to ascertain the members of any controlled groups.

3. In addition, an audit of Defendants' payroll records has determined that Defendant failed to pay all contributions owed to Plaintiffs prior to the termination of Defendants' collective bargaining agreement. Defendant owes Plaintiffs $22,285.20 for the period March 2, 2016 to March 18, 2017.

## PARTIES

4. The Fund is an "employee benefit plan" as defined in ERISA Section 3 (3) (29 U.S.C. 1002(3)), an "employee benefit pension plan" as defined in Section 3 (2) of ERISA 29 U.S.C. 1002 (2) and a "multiemployer plan" as defined in ERISA Sections 3 (37) and 4001 (a) (3), 29 U.S.C. 1002 (37) and 29 U.S.C. 1301 (a)(3). The Fund is jointly administered and is maintained pursuant to the Labor Management Relations Act Section 302 (c), 29 U.S.C. 186 (c).

5. Plaintiff Edward Boylan is a member of the Board of Trustees of the Fund, the "plan sponsor" within the meaning of ERISA Sections 3 (16)(B)(iii) and 4001 (a)(10)(A), 29 U.S.C. 1002 (16)(B)(iii) and 29 U.S.C. 1301 (a)(10(A) and is therefore a "fiduciary" of the Fund pursuant to ERISA Sections 3 (21)(A) and 402 (a), 29 U.S.C. 1002(a). As a Trustee of the Fund he is empowered to bring this action on behalf of the Fund pursuant to ERISA Section 4301(a)(1), Section 4301 (b), and Section 502 (a)(3), 29 U.S.C. 1132 (a)(3) and 29 U.S.C. 1451 (a)(1)-(b).

6. Defendant Rosdev Hospitality Secaucus, L.P. ("Defendant") is a New Jersey Limited Partnership with its principal place of business located at 418 Clifton Ave., Suite 200,

Lakewood, New Jersey 08701. Defendant is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. 1002(5) and Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 152(2) and is engaged in an industry affecting commerce within the meaning of ERISA Section 3(11) and 3(12), 29 U.S.C. 1002 (11) and (12). Defendant and all members of its controlled group are treated as a single employer pursuant to ERISA Section 4001(b)(1), 29 U.S.C. 1301(b). As such, each member of the control group is jointly and severally liable for their respective withdrawal liability and the withdrawal liability of each other member of the controlled group.

## JURISDICTION

7. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of Sections 4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. Sections 1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Fund's pension plan, seek redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief.

## VENUE

8. Venue is conferred upon this Court by ERISA Sections 4301(c) and 502(e)(1) (29 U.S.C. Sections 1451(d) and 1132 (e)(2)). Where an action is brought under ERISA Sections 4301 and 502 (29 U.S.C. Sections 1451 and 1132) in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. The Fund, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in West Caldwell, New Jersey. Thus, jurisdiction and venue are properly grounded with this Court.

## FACTUAL ALLEGATIONS

9. This action arises under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. Sections 1001-1461 (1982)).

10. Defendant was a participating Employer in the Fund pursuant to the provisions of a Collective Bargaining Agreement ("CBA") with the Engineers Union. The Engineers Union ("Union") is a labor organization as defined in Section 2(5) of the NLRA, 29 U.S.C. 152(5) that represents employees in an industry affecting interstate commerce.

11. During December 2016 the Defendant made a complete withdrawal from the Fund as per ERISA Section 4203(b), 29 U.S.C. 1383(b) which thereby made it liable to the Fund for withdrawal liability.

12. By letters dated February 8, 2017 and October 13, 2017 Plaintiffs notified the Defendant of the withdrawal liability assessed pursuant to ERISA Sections 4201-4203, 29 U.S.C. 1381 et seq. and Defendant, by and through its legal counsel, acknowledged receipt of the notice and demand for payment.

13. Defendant had the option of challenging the calculation of the withdrawal liability by requesting review within 90 days from receiving the notice of the withdrawal liability assessment as provided by ERISA Section 4219(b)(2), 29 U.S.C. 1399(b)(2). Defendant failed to do so.

14. Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that arbitration was timely requested under ERISA Section 4221(a), 29 U.S.C. 1401(a). Defendants failed to initiate arbitration.

15. As of the filing of the Complaint, no withdrawal liability payments have been received by the Fund from the Defendant.

## FIRST CAUSE OF ACTION

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 above.

17. Defendant made a "complete withdrawal" from the Fund as that term is defined in ERISA Section 4203(a), 29 U.S.C. 1383(a).

18. Plaintiffs assessed withdrawal liability against Defendant and thereafter provided the requisite notice to cure pursuant to ERISA Section 4219(c)(5), 29 U.S.C. 1399(c)(5).

19. To date no payments have been received from Defendant and the 60 day period for cure has elapsed. Defendant and each other member within its control group are in default under Sections 4219(c)(5) and 4001(b)(1) of ERISA, 29 U.S.C. 1399(c)(5) and 29 U.S.C. 1301(b).

20. In the event of default, Plaintiffs are entitled to accelerate withdrawal liability payment under ERISA Section 4219(c)(5) (29 U.S.C. Sections 1399(c))(5)). Accordingly, Plaintiffs seek judgment against Defendant and each other member within their control group for the entire amount of the outstanding withdrawal liability due, plus accrued interest pursuant to ERISA Section 4219(c)(5) (29U.S.C. Sections 1399(c)(5)).

21. ERISA Section 4301(b) (29 U.S.C. Section 1451(b)) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. Section 1145). Thus, Defendant and each other member within its control group are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. Section 1301(b) and 1132(g)(2)).

22. Plaintiffs, therefore, seek a money judgment against Defendant, and each member within their control group, awarding the entire assessed withdrawal liability plus interest, liquidated damages and costs, including attorneys' fees.

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 above.

24. Plaintiffs require the Defendant to provide the Fund with information relating to the identity of each member within its control group pursuant to ERISA Section 4219(a), 29 U.S.C. 1399(a).

25. The failure of Defendant to pay the withdrawal liability owed to the Fund in accordance with ERISA Section 4219(c)(2), 29 U.S.C. 1399(c)(2), has caused the Fund to sustain a loss of investment income and to incur administrative and legal expenses.

26. Defendant failure to comply with the law has caused the Fund to suffer immediate, continuing and irreparable injury and Plaintiffs are without an adequate remedy at law.

## THIRD CAUSE OF ACTION

### DELINQUENT CONTRIBUTIONS

27. Defendant is in breach of its CBA with the Engineers Union by having failed to pay contributions to Plaintiff.

28. The results of a payroll audit of Defendant determined that contributions of $22,285.20 was owed by the Defendant for the period March 2, 2016 through March 18, 2017.

29. Plaintiffs seek payment of the $22,285.20 plus legal fees, court costs, interest and penalties against Defendant.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief.

1. For a judgment providing that the Defendant, ROSDEV HOSPITALITIES SECAUCUS, L.P. and each member of its control group, are jointly and severally liable to immediately pay to the Plaintiffs the following sums:

  i. The entire amount of the assessed withdrawal liability pursuant to ERISA Sections 4219(c)(5), 29 U.S.C. 1399(c)(5) in the amount of $86,240.00;

  ii. The unpaid contributions for the period March 2, 2016 through March 18, 2017 in the amount of $22,285.20.

  iii. Interest pursuant to ERISA Section 4219(c)(5)-(6), 29 U.S.C. 1399(c)(5) and (6)

  iv. Liquidated damages equal to the quarter of:

   a. The accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the date judgment is entered or

   b. An amount equal to twenty percent (20%) of the amount of delinquent quarterly withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. Sections 1451(b) and 1132(g)(2)); and

  v. Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA Sections 4301(e) and 502(g) (29 U.S.C. Sections 1451(e) and 1132(g)).

2. For injunctive relief ordering Defendants to provide documentation of all persons or businesses which are within its controlled group as defined in ERISA Section 4001(b)(1) (29 U.S.C. Section 1301(b)).

3. Such other relief as the Court deems appropriate.

**ORANSKY, SCARAGGI & BORG, P.C.**
*Attorneys for Plaintiffs*

By: _____
MICHAEL T. SCARAGGI, ESQ. (9463)

Dated: July 11, 2018